Mark D. Kremer (SB# 100978)
  *m.kremer@conklelaw.com*
Amy E. Burke (SB# 276699)
  *a.burke@conklelaw.com*
Gal Gressel (SB# 286312)
  *g.gressel@conklelaw.com*
Zachary Page (SB# 293885)
  *z.page@conklelaw.com*
CONKLE, KREMER & ENGEL
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California  90403-2351
Phone: (310) 998-9100 • Fax: (310) 998-9109

Attorneys for Plaintiff Moroccanoil, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MOROCCANOIL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MARC ANTHONY COSMETICS, INC., a Canadian corporation and DOES 1 through 10, Inclusive<br><br>Defendant. | CASE No. CV13-02747 DMG (AGRx)<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 2: TO EXCLUDE EVIDENCE REGARDING UNITED STATES PATENT AND TRADEMARK OFFICE RECORDS; DECLARATION OF AMY E. BURKE**<br><br>Date:            October 7, 2014<br>Time:           3:00 p.m.<br>Crtrm.:         7<br><br>Honorable Dolly M. Gee, Judge Presiding<br><br>Honorable Alicia G. Rosenberg, Magistrate Judge<br><br>Action Filed:         April 19, 2013<br>Discovery Cutoff:   June 10, 2014<br>Pretrial Conference: October 7, 2014<br>Trial Date:           October 21, 2014 |

2522.240\9346

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on October 7, 2014 at 3:00 pm or sooner thereafter as counsel may be heard in Courtroom 7, United States District Court, Central District of California, 312 N. Spring Street, Los Angeles, California 90012, Plaintiff Moroccanoil, Inc. ("Moroccanoil") will and hereby does move the Court to issue an order *in limine* precluding Defendant Marc Anthony Cosmetics Inc., ("MAC") from referring to, arguing about or offering into evidence any documents or testimony regarding records of the United States Patent and Trademark Office ("PTO") related to applications and registrations of Moroccanoil other than the certificates of registration for the registered trademarks at issue in this case.

Moroccanoil makes this motion pursuant to Federal Rules of Evidence 402 and 403 that such evidence is irrelevant and immaterial to the issues of this action, and even if it were marginally relevant, that the probative value of such evidence would be substantially outweighed by the danger of unfair prejudice to Moroccanoil and the substantial likelihood that such evidence would confuse the issues or mislead the jury. This motion is based on this notice of motion, the attached memorandum of points and authorities and all of the pleadings, the Declaration of Amy E. Burke and the exhibits thereto, and the records and papers filed herein deemed to be on file or which the court may take judicial notice of the time on the hearing of this motion as well as such oral or document any evidence which may be presented at or before the time of the hearing of this motion.  This motion is made following the conference of counsel pursuant to Local Rule 16.

Dated:  September 23, 2014             CONKLE, KREMER & ENGEL
                                        Professional Law Corporation

                                        By: */s/ Amy E. Burke*
                                        Amy E. Burke
                                        Attorneys for Plaintiff Moroccanoil, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff Moroccanoil, Inc. ("Moroccanoil") seeks an order precluding Defendant Marc Anthony Cosmetics, Inc. ("MAC") from referring to, arguing about or offering into evidence any documents or testimony regarding records of the United States Patent and Trademark Office ("PTO") related to applications and registrations of Moroccanoil other than the registrations at issue in this case other than the certificates of registration for the registered trademarks at issue in this case.

MAC intends to present Moroccanoil's pending trade dress applications[1] at trial to argue that Moroccanoil cannot have trade dress protection because the PTO has "rejected" the applications. (*See, e.g.*, Dkt. # 78, p. 6 (requesting judicial notice of Moroccanoil's trade dress applications). But this is not so – the PTO has issued Office Actions that require Moroccanoil to respond with additional evidence in the pursuit of a registration.[2] This is common PTO practice and does not mean that Moroccanoil cannot have trade dress rights. Indeed, as the Court recently held, Moroccanoil's trade dress is inherently distinctive. (Dkt. # 288, pp. 28-29) But the jury may not understand such nuances, and any marginal relevance of pending trade dress applications is greatly outweighed by the potential for jury confusion and the misleading arguments MAC is

---

[1] Moroccanoil filed three applications for registration of different elements of its trade dress, which are pending as Serial Nos. 85,684,735, 85,684,740 and 85,684,742. (Burke Decl. ¶ 2)

[2] These proceedings have not concluded. The PTO issued Office Actions finding that Moroccanoil has established that the color blue has acquired distinctiveness, but that there is a likelihood of confusion with certain third-party registrations. (Burke Decl. ¶ 2) Moroccanoil intends to respond to the Office Actions issued on the Pending Applications before the applicable deadlines in November and December 2014.

expected to make. That the trade dress applications are not identical to the trade dress alleged in this case further diminishes their relevance.

MAC also intends to review the entirety of Moroccanoil's trademark files in the hopes of persuading the jury that some fraud or error was committed at the PTO and that Moroccanoil does not own its trademarks. But MAC has already been called forth to present any such evidence in the summary judgment papers, and it lost. (Dkt. #288, Fourth and Fifth Affirmative Defenses) The Court granted Moroccanoil's partial summary judgment motions on the issues of invalidity and enforceability of the marks and fraud.[3] Thus, there this no issue with respect to the validity of the registrations and no reason to present any testimony about the registrations – this fact has been established, and going further will only waste time and sow confusion. However, MAC seeks to introduce evidence and testimony related to the Moroccanoil Registrations to revive the issue of validity that has already been decided by this Court.

## II. LEGAL ARGUMENT

### A. THE PROFFERED EVIDENCE IS IRRELEVANT

The Court's authority to make in limine rulings regarding evidence is well recognized in the case law. *United States v. Heller,* 551 Fed. 3rd. 1108, 1111-112 (9th Cir. 2009) ("providing that motions in limine give counsel advanced notice of the scope of certain evidence so that admissibility is settled before attempted used of evidence by the jury").

---

[3] This pertained to three registrations: the MOROCCANOIL word mark (Reg. No. 3,478,807), and the vertical and horizontal MOROCCANOIL design marks (Reg. Nos. 3,684,910 and 3,684,909) (collectively, the "Moroccanoil Registrations"). MAC focused its attack on the MOROCCANOIL word mark, and did not attack the validity of Moroccanoil's design marks.

1  The Federal Rules of Evidence prevent the admission of irrelevant evidence. Fed. R. Evid. 402. Evidence is irrelevant if it fails to have any tendency to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Fed. R. Evid. 401; *Alcala v. Woodford*, 334 F.3rd. 862, 887 (9th Cir. 2003). The presentation of evidence or testimony regarding the prosecution of Moroccanoil's Registrations is irrelevant because the validity of Moroccanoil's Registrations is no longer in dispute in this matter. *See* Order Re Motions For Summary Judgment (Dkt. #288), pp. 15, 41, 45. Because the validity of Moroccanoil's Registrations are no longer in dispute, the file history of the PTO prior to issuance of the certificates of registration has no bearing on any relevant fact; the certificates of registration are sufficient to show that the Moroccanoil Registrations are valid and protectable.

The presentation of evidence or testimony regarding the prosecution of the Pending Applications is irrelevant because the Pending Applications are not at issue in this case, and the Pending Applications remain under examination by the PTO. Moroccanoil claims infringement of its <u>unregistered</u> trade dress, which consists of the overall appearance of Moroccanoil's product line. Dkt. #288, pp. 31-32. The Pending Applications, on the other hand, concern particular elements of the trade dress. (Burke Decl. ¶ 2) Because the Pending Applications do not concern the trade dress at issue in this case, evidence and testimony regarding the Pending Applications is irrelevant.

### B. THE PROBATIVE VALUE OF THIS EVIDENCE WOULD BE SUBSTANTIALLY OUTWEIGHED BY THE DANGER THAT IT WOULD UNFAIRLY PREJUDICE MOROCCANOIL AND MISLEAD THE JURY

Courts may exclude evidence of its probative value substantially outweighed by danger of unfair prejudice confusing the issues, misleading the jury and the delay of

wasting time. *Boyd v. City and County of San Francisco,* 576 F. 3rd. 938, 947 (9th Cir. 2009) (citing Fed. R. Evid. 403).

In the present case, any marginal relevance of evidence and testimony related to the prosecution history of the Moroccanoil Registrations would be substantially outweighed by danger of undue prejudice. The certificates of registration for the Moroccanoil Registrations establish ownership and validity of the registered trademarks at issue in this case. MAC's presentation of evidence and testimony regarding the prosecution history of the Moroccanoil Registrations would prejudice Moroccanoil and confuse the jury by reviving MAC's affirmative defenses for which MAC has established no triable issue of material fact.

Similarly, any marginal relevance of evidence and testimony related to the Pending Applications would be substantially outweighed by danger of undue prejudice to Moroccanoil that the jurors would be confused as to the relevance or impact of the PTO's pending examination on Moroccanoil's trade dress rights asserted in this matter. Indeed, the PTO has found that Moroccanoil established secondary meaning in its blue color mark as well as its blue with orange M mark. (Burke Decl. ¶3) The only remaining issue potentially preventing registration of Moroccanoil's blue and blue with orange M color marks is likelihood of confusion with third-party color mark registrations. *Id.* Moroccanoil intends to respond to this likelihood of confusion refusal by the deadlines of November and December 2014. (Burke Decl. ¶ 3)

But none of these issues or facts has any place in this trial, which concerns only Moroccanoil's unregistered trade dress claims. If MAC is permitted to bring forth such evidence Moroccanoil will have no choice but to conduct a trial within a trial, presenting to the jury what it would present to the PTO.

Further, even if the evidence of Pending Applications and the file histories of the Registered Trademarks had some relevance, which they do not, such evidence should be excluded in the FRE 403 because any probative value would be substantially outweighed by the amount of time it would take to establish the evidence and the confusion it would create. *United States v. Hooton,* 662 F. 2nd 628, 635-636 (9th Cir. 1981). Evidence which would only have slight probative value should be excluded if it would waste time.

## III.   CONCLUSION

Given the foregoing, Moroccanoil respectfully requests that MAC be precluded from referring to, arguing about or offering into evidence any documents or testimony regarding records of the PTO related to the Pending Applications and the Moroccanoil Registrations, other than the certificates of registration at issue in this case.

Dated:  September 23, 2014

Mark D. Kremer
Amy E. Burke
Gal Gressel
Zachary Page, members of
CONKLE, KREMER & ENGEL
Professional Law Corporation


By: */s/ Amy E. Burke*
Amy E. Burke
Attorneys for Plaintiff Moroccanoil, Inc.

# DECLARATION OF AMY E. BURKE

I, Amy E. Burke, hereby declare as follows:

1. I am an active member of the State Bar of California. I am a member of Conkle, Kremer & Engel, whose members are counsel of record for Moroccanoil, Inc. I make this declaration of facts known to me and, if called upon, I could and would testify competently to the facts stated herein.

2. Moroccanoil filed three applications for registration of different elements of its trade dress, which are pending as Serial Nos. 85,684,735, 85,684,740 and 85,684,742. These proceedings have not concluded. The PTO issued Office Actions finding that Moroccanoil has established that the color blue has acquired distinctiveness, but that there is a likelihood of confusion with certain third-party registrations. The Pending Applications concern particular elements of the trade dress.

3. On May 23, 2014 the PTO has found that Moroccanoil established secondary meaning in its blue color mark as well as its blue with orange M mark. The only remaining issue potentially preventing registration of Moroccanoil's blue and blue with orange M color marks is likelihood of confusion with third-party color mark registrations. Moroccanoil intends to respond to this likelihood of confusion refusal by the deadlines of November and December 2014

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct, and that this declaration was executed on September 23, 2014.

<i>/s/ Amy E. Burke</i><br>
Amy E. Burke

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 3130 Wilshire Boulevard, Suite 500, Santa Monica, California 90403-2351.

On September 23, 2014, I served true copies of the following document(s) described as **PLAINTIFF'S MOTION IN LIMINE NO. 2: TO EXCLUDE EVIDENCE REGARDING UNITED STATES PATENT AND TRADEMARK OFFICE RECORDS; DECLARATION OF AMY E. BURKE** on the interested parties in this action as follows:

Gary A. Hecker, Esq.
James M. Slominski, Esq.
**THE HECKER LAW GROUP, PLC**
1925 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone:  (310) 286-0377
Facsimile:   (310) 286-0488
Email:         ghecker@hh.com
                   jslominski@hh.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 23, 2014, at Santa Monica, California.

*/s/Amy E. Burke*
Amy E. Burke